Gary A. Nye (SBN 126104)
gan@rpnalaw.com
Muhammed T. Hussain (SBN 259234)
mth@rpnalaw.com
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, CA 91367
Telephone:   (818) 992-9999
Facsimile:   (818) 992-9991

*Attorneys for Defendant
All-Pro Bail Bonds Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIDGET BRADLEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>ALL-PRO BAIL BONDS INC., a California corporation,<br><br>*Defendant*. | Case No.: 3:22-cv-1819-JD<br><br>**NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:     June 23, 2022<br>TIME:     10:00 a.m.<br>CRTRM: 11, 19th Floor<br>JUDGE:   Hon. James Donato<br><br>Complaint served: March 26, 2022<br>Current response date: May 16, 2022 |

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that that on June 23, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco California, Defendant All-Pro Bail Bonds Inc. ("All-Pro") will, and hereby does, move the Court for an order dismissing the current action or, alternatively, staying the current action pending the earlier filed class action in Santa Clara Superior Court, *Dominguez, et al. v. All-Pro Bail Bonds, Inc., et al.*, Case No. 21cv381890 ("State Action"), or, alternatively, an extension to file a responsive pleading to the Complaint if the current motion is denied.

The State Action that was filed on May 14, 2021, is substantially similar, if not almost identical, to the current action which was filed ten months later. Further, the parties in the State Action have conducted informal discovery and reached a preliminary settlement, while nothing has happened in this action. Counsel for defendant has requested a stipulation from Plaintiff to stay the current action pending the State Action. Plaintiff rejected this request. Declaration of Gary A. Nye, ¶ 2.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Gary A. Nye, and all exhibits thereto, all pleadings and papers on file herein, and upon such other or further evidence and argument as the Court may deem just and proper.

Dated:  May 16, 2022                                    ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP


By:  */s/ Gary A. Nye*
         GARY A. NYE
         MUHAMMED T. HUSSAIN

*Attorneys for Defendant All-Pro Bail Bonds Inc.*

ii

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 3

    A. Bail Bond Financing ................................................................................................ 3

    B. Procedural History of State Action .......................................................................... 3

    C. Procedural History of Federal Action ...................................................................... 4

    D. Plaintiff's Settlement with All-Pro ........................................................................... 3

III. ARGUMENT ........................................................................................................................ 5

    A. The Federal Action Meets the Requirements Under Colorado River for Dismissal or Stay .................................................................................................. 5

        1. There is a High Likelihood of Piecemeal Litigation if the Federal Action was Permitted to Move Forward Pending the State Action ................................................................................................ 6

        2. The State Court Obtained Jurisdiction Prior to this Court in the Federal Action .................................................................................. 6

        3. State Law Solely Provides the Rule of Decision ....................................... 6

        4. The State Action Can Provide Adequate Protection to the Rights of the Class Members in the Federal Action ................................. 7

        5. The State Proceeding Would Resolve All Issues Before the Federal Court ............ 7

        6. Permitting the Federal Action to Proceed Would Encourage Forum Shopping ...... 7

        7. The Federal Action is a Parallel Suit to the State Action ........................................ 8

    B. The Federal Action Meets the Factors for a Landis Stay ................................................ 8

        1. Judicial Economy ................................................................................................... 8

        2. Prejudice to Plaintiff .............................................................................................. 9

        3. Hardship to Defendant ........................................................................................... 9

    C. Plaintiff's Prior Settlement with All-Pro Precludes Her from Maintaining the Federal Action ......................................................................................... 10

iii

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

IV.     ALTERNATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT .................................................................................................. 11

V.     CONCLUSION ............................................................................................................. 12

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

# TABLE OF AUTHORITIES

**Cases**

*Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253 (9th Cir.1988) ..................................................................................................................... 6

*Annunziato v. eMachines, Inc.*, 2006 WL 5014567 (C.D. Cal. July 24, 2006) ................... 9

*Colorado River Water Conserv. Dist v. U.S.*, 424 U.S. 800 (1976) ............................... 5, 8

*Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006 (E.D. Cal. 2011) ..... 11

*In re JP Morgan Chase LPI Hazard Litigation*, 2013 WL 3829271 (N.D. Cal. July 23, 2013) ................................................................................................................................. 9

*Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007) ................ 9

*Landis v. North American Co.*, 299 U.S. 248 (1936) ..................................................... 8, 9

*Medina v. Two Jinn, Inc., et al.*, Napa County Superior Court Case No. 22CV000316 ...... 7

*Metoyer v. Tween Brands, Inc.*, No. EDCV151007GHKDTBX, 2015 WL 13908304, at *2-3 (C.D. Cal. Nov. 4, 2015) ............................................................................................ 8

*Moses Cone Memorial Hospital v. Mercury Construction Group*, 460 U.S. 1 (1983) ....... 5

*Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) ..................................................... 5, 8

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011) ............... 5, 6, 8

*Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121 (N.D. Ga. 1985) ..................................... 11

*United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796 (N.D. Cal. 2014) ............................. 8

*Winig v. Cingular Wireless LLC*, No. C 06 4297 MMC, 2006 WL 2766007, at *7 (N.D. Cal. Sept. 27, 2006) ........................................................................................................... 11

**Statutes**

California Business & Professions Code § 17200 .......................................................... 1, 6

California Civil Code § 1799.90 ................................................................................ 4, 6, 10

California Civil Code § 1799.91 ................................................................................ 1, 6, 10

California Civil Code § 1799.92 ......................................................................................... 1

v

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

California Civil Code § 1799.93 .................................................................................................. 1

California Civil Code § 1799.95 ............................................................................................. 1, 10

vi

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The current action ("Federal Action") was filed on March 22, 2022, more than ten (10) months *after* a state court action was filed that contains virtually identical class and claims (the state court case encompasses a larger class and additional claims). See ECF Docket No. ('Doc.") 1.  On May 14, 2021, a class action was filed in Santa Clara Superior Court, *Dominguez, et al. v. All-Pro Bail Bonds, Inc., et al.*, Case No. 21CV381890 ("State Action"). A copy of the Complaint in the Dominguez Case ("State Complaint") is attached as Exhibit A to the Declaration of Gary A. Nye ("Nye Decl.").

In the Federal Action, Plaintiff Bridget Bradley alleges a single count: **the violation of California Unfair Business Practices law under California Business & Professions Code § 17200,** *et seq*. ("Unfair Business Count"). See Doc. 1, ¶¶ 34-39.  Plaintiff's sole count is based on the alleged violation of California Civil Code §§ 1799.91 and 1799.95 by Defendant All-Pro Bail Bonds, Inc. ("All-Pro"). Doc. 1, Federal Complaint ¶ 35.

The plaintiffs in the State Action allege two causes of action (or counts) **– the violation of California Unfair Business Practices law under California Business & Professions Code § 17200,** *et seq.* ("Unfair Business COA") and Declaratory Relief ("Declaratory COA").  See State Complaint, ¶¶ 59-70.  The Unfair Business COA in the State Action is based on All-Pro's (and the other named defendants) alleged violation California Civil Code §§ 1799.91, 1799.92, 1799.93, and 1799.95. The sole count in the Federal Complaint is identical to the first count in the earlier filed State Action.

The class, as alleged by Plaintiff in the Federal Complaint, is fully encompassed by the class in the State Action.  The class in the Federal Action involves class members (co-signers) that entered into subject bond financing agreements from March 23, 2018 to the present, while the class in the State Action involves class members (co-signers) that entered into subject bond financing agreements from May 25, 2017 to the present:

All people who cosigned a bail bond credit agreement from All-Pro Bail Bonds Inc., which did not include the notice described in California Civil Code Section 1799.91 and

1

who (1) owed, were asked to make, or made a payment on or after March 23, 2018 and (2) were not a spouse of the person who received release services under the arrangement at the time of cosigning.

Federal Complaint ¶ 25.

Every non-spouse cosigner of an All-Pro bail bond agreement signed on or after May 25, 2017 in California, or for which payment was owed, made, or sought on or after May 25, 2017.

State Complaint ¶ 47. By reviewing the two pleadings (the Federal Complaint and the State Complaint), it is evident that the State Action is more expansive than the Federal Action (larger class/longer class period that encompasses the smaller class/class period in the Federal Action, more defendants, and more claims).

Additionally, the parties in the State Action agreed to early mediation, engaged in informal discovery to facilitate and make the mediation more productive, attended mediation, and were able to settle the claims in the State Action at mediation. It is anticipated that the settlement agreement will be executed, and the motion for preliminary approval filed prior to the hearing on this motion to stay.

Finally, Plaintiff previously entered into a settlement with All-Pro in 2020, prior to filing of the Federal Action, where she released all her claims against All-Pro; including claims for Unfair Business Practices and claims under Civil Code Section 1799.91, *et seq.* See Ex. D to Nye Decl., Settlement Agreement and Release of Claims ("Settlement & Release"). As Plaintiff cannot maintain the current action, a stay or dismissal would be inevitable.

Based on the similarities of the actions, the State Action having proceeded further (and having been resolved pending final agreement and court approval), and that Plaintiff has no claims against All-Pro, the Court should dismiss the Federal Action or, in the alternative, stay[1] it until after final approval of the settlement in the State Action.[2]

///

---

[1] The requested stay would include, but not limited to, All-Pro's response to the Federal Complaint, initial disclosures, discovery, and trial.

[2] Plaintiff has the option of opting out of the settlement in the State Action and proceeding on an individual basis.

2

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. **Bail Bond Financing**.

Bail bonds are provided to criminal suspects ("detainee(s)") who have been arrested, jailed, and then ordered to post a bond in order for them to be released until their next hearing and/or trial. Complaint, ¶ 7, State Complaint, ¶ 13. The detainee, his or her family, or a friend, contacts a bail bond company in order to obtain the bond. Complaint, ¶ 8, State Complaint, ¶ 16. Bail bonds usually cost around 10% of the value of the bond ("bond premium") that is posted for the detainee to be released. Complaint, ¶ 9, State Complaint, ¶ 17. Often, the detainee, or whomever obtained the bond on behalf of the detainee, is unable to pay the full amount of the bond premium at the time the bond is issued, so the bail bond agency (in this case All-Pro) allows the bond premium to be financed and paid over time (interest free) in monthly payments. Complaint, ¶ 11, State Complaint, ¶ 18. The detainee, along with the family member or friend ("co-signer"), would then enter into an Agreement with All-Pro to pay the premium over time, and to fully and completely indemnify All-Pro in the event of any loss on the bond. Complaint, ¶ 13, State Complaint, ¶ 20. The co-signer is equally responsible for the monthly premium installment payments under the Agreement. Complaint, ¶ 13, State Complaint, ¶ 20. It is alleged that All-Pro failed to provide the co-signers with the legal notice as required under the statutes. Complaint, ¶ 16, State Complaint, ¶ 25.

### B. **Procedural History of State Action**.

The State Action was filed on May 14, 2021. See Ex. A to Nye Decl., State Complaint. The State Complaint named three defendants, All-Pro, Bankers Insurance Company, and Bankers Surety Services, Inc. See State Complaint. The State Complaint had two causes of action – Unfair Business COA and a Declaratory COA. Id. The State Action was deemed complex on May 18, 2021. Nye Decl., ¶ 3. All the named defendants have appeared in the State Action. Id. The next hearing in the State Action is a status conference scheduled for June 29, 2022. Id.

The parties in the State Action agreed to an early mediation and to informal discovery that would assist the parties in evaluating the claims and calculating claimed damages. Nye Decl., ¶ 4. A full day mediation was held on April 20, 2022, with Bruce Friedman of JAMS. Id., ¶ 5. All-Pro agreed to produce documents related to actual payments made by class members during the class

period, and current accounts receivable allegedly due and owing from class members. Id., ¶ 4. The parties to the State Action were able to settle the matter at mediation. Id., ¶ 5. The settlement includes a large monetary payment by All-Pro, as well as an injunction prohibiting the collection of any further installment payments of premiums from class members (non-spouse co-signers who were not provided the required disclosures under California Civil Code, Section 1799.91). Id. The parties in the State Action have exchanged settlement drafts and redlines to the settlement agreement and are close to finalizing the settlement agreement. Id. It is anticipated that the settlement agreement will be executed, and the motion for preliminary approval will be filed, prior to the hearing on this motion to stay. Id.

### C. Procedural History of Federal Action.

The Federal Complaint was filed on March 23, 2022. Doc. 1. All-Pro was served on or about March 25, 2022, and its response date was April 15, 2022. Doc. 11. The parties stipulated to extend All-Pro's deadline to file a response to May 16, 2022. Doc. 12. The court has set the Scheduling Conference for June 23, 2022.

### D. Plaintiff's Settlement with All-Pro.

On or about December 16, 2019, Plaintiff's then counsel, Danica Rodarmel of Lawyers' Committee for Civil Rights, sent All-Pro a demand letter asking for reimbursement of monies Plaintiff had paid to All-Pro for a bond obtained in January 29, 2019. See Ex. B to Nye Decl. All-Pro responded to the December 19, 2019 Demand Letter on December 23, 2019. See Ex. C to Nye Decl. After some negotiations, All-Pro and Plaintiff, through her attorney, were able to reach a settlement and Plaintiff and All-Pro executed the settlement. See Ex. D to Nye Decl., Settlement & Release. **As part of the Settlement & Release, Plaintiff released All-Pro from any claims she may have against All-Pro, including claims arising from Section 1799.90, *et seq*.** Id. at ¶ 9.

//
//
//
//
//

## III. ARGUMENT

### A. The Federal Action Meets the Requirements Under *Colorado River* for Dismissal or Stay.

"[A] federal court may stay its proceedings in deference to pending state proceedings. This doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir. 1989) (citing *Colorado River Water Conserv. Dist v. U.S.*, 424 U.S. 800, 817 (1976) ("*Colorado River*")). A court can also dismiss an action under *Colorado River*. *R.R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 977 (9th Cir. 2011) ("R.R. Street")*. In *Colorado River*, the Court examined four factors to determine whether staying proceedings was appropriate: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Nakash, supra,* at 1415 (citing *Colorado River*, *supra*, 424 U.S. at 818). In *Moses Cone*, the Court articulated two more considerations: (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights. *Id.* (citing *Moses Cone Memorial Hospital v. Mercury Construction Group*, 460 U.S. 1, 25–26 (1983)). And two other considerations have been enumerated by subsequent Ninth Circuit cases: (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *R.R. Street, supra*, at 979.

Not all factors must be present or be in favor of a dismissal or stay in order for the Court to issue the dismissal or stay. In *R.R. Street* and *Nakash*, the Court upheld the stay issued by the lower court under *Colorado River*, even though factors one and two (jurisdiction over a res and convenience of forum) were not relevant. *R.R. Street*, *supra*, 656 F.3d at 979 ("The first two factors in *Holder* are irrelevant in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in Los Angeles"); *Nakash*, 882 F.2d at 1415, n. 6 ("Some of the factors identified by the Court are irrelevant to this case. There is no res in the control of either court and the forums are equally convenient"). Similarly, in the Federal Action, factors 1 and 2 are irrelevant as there is no specific piece of property at issue and both the federal and state forums are based in the San Francisco Bay Area, therefore the convenience of forum is not relevant. The

5

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

remaining six factors, as discussed below, weigh heavily in favor of dismissing or staying the Federal Action.

### 1. There is a High Likelihood of Piecemeal Litigation if the Federal Action was Permitted to Move Forward Pending the State Action.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street, supra*, at 979 (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988)).

As explained above, both the Federal Action and the State Action contain identical claims and almost identical classes (with State Action class being larger than the Federal Action class). There would clearly be duplication of efforts if both the State Action and the Federal Action were allowed to move forward. Due to the likelihood of piecemeal litigation, this factor favors dismissing or staying the Federal Action.

### 2. The State Court Obtained Jurisdiction Prior to this Court in the Federal Action.

The State Court obtained jurisdiction over the putative class members and All-Pro in May 2021, when the State Complaint was filed and served. This Court only obtained jurisdiction ten months after the State Court obtained jurisdiction, in March 2022.

Additionally, the matter has progressed significantly in the State Action, where the parties have engaged in informal discovery, mediation, and reached a preliminary settlement. At the same time, nothing has happened in the Federal Action. The court where the matter has progressed the most is usually the favored forum. See *R.R. Street*, *supra* at 980.

### 3. State Law Solely Provides the Rule of Decision.

Both the State Action and Federal Action are based on California Law – California Civil Code section 1799.90, *et seq.* and California Business & Professions Code 17200, *et. seq*. See Federal Complaint ¶¶ 34-39, State Complaint ¶¶ 58-70. There is no federal question jurisdiction in the Federal Action as all the claims are based on California state law. This supports dismissing the Federal Action or staying the Federal Action pending the resolution of the State Action by the state court.

Further, the application of Section 1799.91 to bail bond financing agreements is a new area of

6

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

law and the California court of appeal has recently ruled on the issue. Given this new application of the law, the state court is better suited to adjudicate the matter, given that there is precedential authority in state court, while such does not yet exist in federal court.

### 4. *The State Action Can Provide Adequate Protection to the Rights of the Class Members in the Federal Action*.

As stated above, the relief sought in the Federal Action, as well as the State Action, is solely based on California state law, and the state court is able to provide the same relief that the court in the Federal Action can provide, such as restitution, injunction, and any other damages permitted under the California Unfair Business law.

Additionally, Plaintiff's counsel has filed a class action against another bail bond company, Aladdin Bail Bonds, in state court in Napa County, *Medina v. Two Jinn, Inc., et al.*, Napa County Superior Court Case No. 22CV000316 ("Aladdin Action").[3] Given that an action with identical counts and similar factual allegations has been filed by Plaintiff's counsel in state court, clearly demonstrates that Plaintiff's counsel believes that the state court can provide adequate protection of the class members' rights.

### 5. *The State Proceeding Would Resolve All Issues Before the Federal Court*.

As stated in detail above, the Federal Action contains the same claims and the same allegations as those in the State Action, and the resolution of the State Action would cover all putative class members in the Federal Action.

### 6. *Permitting the Federal Action to Proceed Would Encourage Forum Shopping*.

Even though there is no clear evidence that Plaintiff was forum shopping, given that a class action on the same claims and covering the same class was filed ten months prior in state court, Plaintiff's choice to file the current action in federal court appears to be an attempt at forum shopping. Plaintiff's counsel has filed the Aladdin Action in state court, when they could have filed it in federal court. This strategy by Plaintiff's counsel seems to show forum shopping, in order to get around the earlier filed State Action.

---

[3] The defendant in the Aladdin Action has removed the case to federal court.

7

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

### 7. *The Federal Action is a Parallel Suit to the State Action.*

Another factor that courts look at when deciding on a Colorado River stay or dismissal is whether the two actions are parallel. See *R.R. Street, supra*, at 982. As explained above, both the Federal Action and State Action contain identical claims and almost identical classes (with State Action class being larger than the Federal Action class). Exact parallelism need not exist for a federal court to issue a stay pending a state court action, they just have to be "substantially similar". See *Nakash*, *supra*, 882 F.2d at 1416; *R.R. Street, supra*, at 982. In the current situation, the Federal Action and State Action are virtually identical.

Further, courts look to see if the parallel suit ensures "comprehensive disposition of litigation". *R.R. Street, supra*, at 982-983 (citing *Colorado River, supra*, at 817). If the state proceeding resolves all the issues, then the goal is met and would support dismissal. *Id*. at 983. The State Action would resolve all issues raised in the Federal Action.

### B. **The Federal Action Meets the Factors for a Landis Stay.**

Even though the Colorado River doctrine is the proper standard for staying a federal action when a parallel state court action is pending, some courts have applied the factors under a Landis stay when deciding on staying an action with a parallel state action. See *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 815 (N.D. Cal. 2014). The court in *Kiewet* found that "the overlap between the present case and the state court action is substantial, and that a stay is appropriate." *Ibid*.

Landis Stay factors are (1) judicial economy, (2) prejudice to plaintiff, and (3) hardship to defendant. *Metoyer v. Tween Brands, Inc.*, No. EDCV151007GHKDTBX, 2015 WL 13908304, at *2-3 (C.D. Cal. Nov. 4, 2015) ("*Metoyer*").

### 1. *Judicial Economy.*

Like in the current case, in *Metoyer*, there was an earlier filed class action pending in another district with identical claims. *Ibid*. However, in *Metoyer*, the prior filed case ("Rougvie Action") would not have covered every claim in the Metoyer case as the prior class period in the Rougvie Action was from January 1, 2012 to February 28, 2015, while the class period in the Metoyer Action was larger, from May 22, 2011 to the end of litigation. *Id*. at *2. Even given that fact that the Metoyer Action's class period (and most likely class size) was longer, the court still stayed the matter, as the

claims were almost identical.

In the current matter, the State Action has a longer class period (May 2017 to the present) while the Federal Action has a shorter class period (March 2018 to the present). Given that the claims are identical, the Federal Action should be stayed pending the State Action.

### 2. *Prejudice to Plaintiff.*

Courts routinely grant motions to stay a class action in light of advanced or completed settlement negotiations in a parallel class action. *Id.* at *3 (citing *In re JP Morgan Chase LPI Hazard Litigation*, 2013 WL 3829271 (N.D. Cal. July 23, 2013); *Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007); and *Annunziato v. eMachines, Inc.*, 2006 WL 5014567 (C.D. Cal. July 24, 2006). In these cases, the movant for the stay was able to provide the court with a general idea of when settlement negotiations would be completed and the settlement approval process would begin. *Ibid.* Similarly, in the current situation, there is a preliminary settlement in the State Action. The parties in the State Action have exchanged settlement drafts and redlines to the settlement agreement and are close to finalizing the settlement agreement. It is anticipated that the settlement agreement will be executed, and the motion for preliminary approval will be filed, prior to the hearing on this motion to stay. Nye Decl., ¶ 5.

Given the short time that it would take for the settlement to be finalized and receiving final approval from the court in the State Action, there can be no prejudice to Plaintiff. Plaintiff still has the option of opting out and pursuing claims on an individual basis, if she could somehow circumvent the release she previously provided to All-Pro.

### 3. *Hardship to Defendant.*

"If a plaintiff has demonstrated "a fair possibility" of harm, the defendant seeking "a stay must make out a clear case of hardship or inequity in being required to go forward."" *Id.* at * 3 (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). Here, Plaintiff will not be able to show any prejudice, which precludes the need for Defendant to show hardship.

However, there will be significant hardship to All-Pro, which includes duplicate discovery, further mediations and negotiations of another potential settlement, having to prolong the litigation for no meaningful or apparent reason.

C. **<u>Plaintiff's Prior Settlement with All-Pro Precludes Her from Maintaining the Federal Action</u>**.

Plaintiff's previously entered into a settlement agreement with All-Pro, wherein Plaintiff fully and completely released All-Pro from the very claims that she now seeks to assert in the Federal Action. In the Demand Letter sent to All-Pro, Plaintiff's counsel specifically noted: "On January 29, 2019, Ms. Bradley co-singed for the bail bond of Lance Pavloff…" See Ex. B, p. 1. The Demand letter also states:

> California Civil Code section 1799.91 requires that cosigners to a credit transaction receive a "Notice to Cosigner" that explains their rights and obligations in specific language. Ms. Bradley did not receive this notice before signing as an indemnitor on Mr. Pavloff's contract. Therefore, her signature was obtained in violation of this requirement. Under California Civil Code section 1799.95, contracts signed without the required notice are unenforceable against cosigners.

Ex. B, pp. 2-3. It was very clear from the Demand Letter that Plaintiffs was seeking remedies and redress under the Civil Code Section 1799.90, *et seq.*, and for the same bond that she has stated in the Federal Action. See Federal Complaint, ¶ 17 (January 29, 2019 bond), ¶¶ 12, 16 (unenforceability of bond contract under 1799.90, *et seq.*)

The Settlement Agreement contained a mutual release:

> <u>Mutual Release of Claims</u>: Upon clearance of the Settlement Sum, the Parties mutual release and forever remise, release, acquit, satisfy, and discharge each other, their heirs, agents and assigns, predecessors, successors, present or future direct or indirect parents, divisions or affiliated entities, current or former officers, current or former directors and employees, current or former trustees, accountants, stockholders, fiduciaries, servants, representatives, insurers, attorneys, and agents, whether acting as agents or in individual capacities, and the predecessors, successors, heirs and assigns of each and all of them, from any and all claims, actions, charges, complaints, grievances, and causes of action of whatever nature, whether now known or unknown, suspected or unsuspected, arising from or relating to events, acts or

omissions from the beginning of time to the effective date of this Agreement (hereinafter "Claims"), including any Claims arising under federal, state, or local law by Constitution, statute, regulation, common law, public policy, contract (express and implied), or equity, to the fullest extent permitted by law, including but not limited to Claims that have been or could have been alleged and claims pursuant to any other local, state and federal laws and regulations, to the fullest extent permitted by law. This Agreement shall inure to the benefit of and shall be binding and enforceable by all of the Parties hereto.

Ex. D, Settlement & Release ¶ 3. Plaintiff executed this Settlement Agreement while represented by counsel and released any and all claims against All-Pro, and therefore cannot maintain the Federal Action, or continue as a plaintiff or class representative.

## IV.   ALTERNATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Courts have treated certain pre-answer motions not specifically provided under Rule 12 as proper motions in lieu of an answer. See *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012–13 (E.D. Cal. 2011) ("the court employs its discretion to permit defendant to file its motion for a stay in lieu of an answer"); *Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985) ("federal courts have traditionally entertained certain types of pre-answer motions not specifically provided for in the Federal Rules of Civil Procedure. Included among these are motions to stay proceedings pending arbitration"). Court's also routinely grant motions to extend the time for a defendant to file a responsive pleading when a motion to stay or dismiss is filed within the time allowed for filing of a responsive pleading. See *Winig v. Cingular Wireless LLC*, No. C 06 4297 MMC, 2006 WL 2766007, at *7 (N.D. Cal. Sept. 27, 2006).

If the Court denies this motion to dismiss or stay, All-Pro alternatively requests a 21-day extension after this motion is decided in which to file its responsive pleading to the Federal Complaint.

///

///

## V. CONCLUSION

The Federal Complaint alleges the same claims, the same class allegations, and requests the same remedies as the State Complaint. The State Action predated the Federal Action by ten months and it is apparent that there will be a final settlement in the State Action within the next few months, and a judgment following final approval of the State Action settlement. The final judgment in the State Action will have *res judicata* against the class members of the Federal Action that do not opt out. None of the factors that would preclude a Colorado River stay or dismissal—issues of federal law, inadequacy of the state court forum, or a possibility that the state court proceeding will not resolve the dispute – are concerns in this case. Thus, to avoid unnecessary duplication of effort, inconsistent rulings, and for judicial efficiency, All-Pro request that the Court dismiss the Federal Action or, alternatively, stay the Federal Action pending the State Action.

Dated: May 16, 2022                ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: */s/ Gary A. Nye*
   GARY A. NYE
   MUHAMMED T. HUSSAIN

   *Attorneys for Defendant All-Pro Bail Bonds Inc.*

12

NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR STAY OF ENTIRE ACTION OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING